**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**TAMMY SPARKS**                                                                       **PLAINTIFF**

**VS.**                         **CASE NO. 1:16CV00108 PSH**

**NANCY A. BERRYHILL, Acting Commissioner,
   Social Security Administration**                                    **DEFENDANT**

**ORDER**

Plaintiff Tammy Sparks ("Sparks"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny her claim for Supplemental Security Income benefits (SSI), contends the Administrative Law Judge (ALJ) erred in the following ways: (1) relying upon the vocational expert's testimony; (2) performing an inadequate analysis of her credibility; and (3) failing to develop the record.

The parties have ably summarized the medical records and the testimony given at the administrative hearings conducted on April 21, 2011, and on July 22, 2015. (Tr. 25-54, 671-688). A second administrative hearing was conducted because this Court remanded the case in August 2014. (Tr. 697-703). Specifically, the Court found the ALJ erred in failing to resolve a conflict between the vocational expert's testimony and the information contained in the *Dictionary of Occupational Titles* ("DOT") and its companion publication, the *Selected Characteristics of Occupations* ("SCO"). In his initial decision, the ALJ found Sparks had the residual functional capacity ("RFC") to perform light work with limitations, including the limitation of reaching

1

overhead occasionally. Citing the vocational expert's testimony, the ALJ found Sparks could perform the jobs of cashier and retail marker. Both of these jobs involve frequent reaching, according to the DOT. The Court found there was a possible conflict in the vocational expert's testimony and the DOT, and remanded the case with instructions for the ALJ to "resolve the possible conflict between the VE's testimony and the DOT's listings that required frequent reaching. The ALJ's decision must explain how any conflict between the VE's testimony and the DOT job description was resolved." (Tr. 703). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support the ALJ's decision following the second administrative hearing. 42 U.S.C. § 405(g).

***Relying Upon the Vocational Expert's Testimony:*** In the decision issued following the second administrative hearing, the ALJ found Sparks had the following severe impairments: degenerative disc disease of the cervical spine and right shoulder, migraine headaches, asthma, and obesity. The ALJ also found Sparks had the residual functional capacity ("RFC") to perform light work with numerous limitations, including occasionally reaching overhead and avoiding concentrated heat or cold. Relying upon the testimony of the vocational expert, the ALJ determined Sparks could perform the jobs of marking clerk and small parts packer. The ALJ stressed that both of these jobs "do include the overhead reaching limitation of 'occasional' as defined and used" in the DOT. (Tr. 664).

Sparks does not quarrel with the overhead reaching requirement, which formed the basis for remanding the case for further proceedings. Instead, Sparks contends there is "unresolved ambiguity" in the ALJ's decision because the jobs identified by the vocational expert did not clearly indicate if the worker would be exposed to concentrated cold. There is no merit to this assertion.

The hypothetical question to the vocational expert clearly included a limitation against "concentrated . . . cold." (Tr. 684). In response, the vocational expert testified the hypothetical worker could perform the jobs of marking clerk and small parts packer, and stated, "With these positions, your honor, generally, the environment is relatively cold. They don't have the extremes [INAUDIBLE] chemical components used such as that." (Tr. 685). Although Sparks argues that "relative cold could be concentrated cold," the plain answer is that the vocational expert's testimony is at odds with such an argument. Docket entry no. 11, page 16. The vocational expert testified that the cited jobs did not expose the worker to concentrated cold. There is no ambiguity, and no merit to this claim.

*Credibility:* Sparks' credibility was discounted in both decisions issued by the ALJ. This Court found the credibility analysis following the first hearing supported by the record as a whole. Specifically, this Court noted the ALJ considered the entire record, examining the relevant factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and cited inconsistencies in the record to support his findings. (Tr. 700-701).

Following the second administrative hearing, the ALJ again found Sparks' subjective complaints "not credible to the extent they are inconsistent" with the RFC evaluation. (Tr. 660). Citing *Polaski*, the ALJ noted the objective medical findings were not consistent with the level of pain described by Sparks[1]. He also noted the absence of physician-imposed limitations commensurate with Sparks' description of her abilities. The ALJ further found Sparks' daily

---

[1] Sparks testified to extreme limitations, including times "when I can't walk," to having up to 20 headache days per month, and to recently experiencing a seven-day migraine headache. (Tr. 677, 680). Sparks also testified to having financial difficulties purchasing medication. She stated that the new "Obama care" law would cover those expenses, and that she was "fixing to" sign up. (Tr. 678-679).

activities, including her ability to drive three hours each way to receive medical care, evidence that she is more capable than her testimony suggests.  Finally, the ALJ cited Sparks' failure to seek aggressive medical treatment, her poor work history, the absence of side effects from medications, and her continuation of her smoking habit despite medical advice to quit as factors detracting from her credibility.

Sparks quarrels with some of the factors enumerated by the ALJ.  For example, Sparks contends the ALJ unreasonably relied on her ability to do daily activities, understated her efforts to obtain treatment, and overstated the efficacy of her medications.  While Sparks is correct that she took narcotic medications and sought treatment on many occasions, these points do not overcome the totality of the factors considered by the ALJ.  The ALJ took into account many of the *Polaski* factors, all of which were valid considerations reflecting upon Sparks' credibility.  Deference is typically given to an ALJ's credibility determination if the ALJ explicitly discounts the claimant's testimony, giving good reasons for doing so.  *See, e.g., Boyd v. Colvin*, 831 F.3d 1015, 1021 (8th Cir. 2016).  That is the case here.  There is no merit to this claim.

***Failing to develop the record.***  Sparks urges the record was inadequate because there was no opinion from a treating or examining doctor regarding her work-related limitations.  However, such an opinion is not a prerequisite to the ALJ determining a claimant's RFC.  The RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC.  Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  Thus, the key question is whether the record provided an

4

adequate basis upon which an ALJ could determine Sparks' RFC.  Here, the record was more than adequate, containing ample medical records for the ALJ to consider.  There was no error in the ALJ choosing to rule when the record before him was sufficient and he was able to make an informed decision.  There is no merit in this claim.

In summary, we find the ultimate decision of Berryhill was supported by substantial evidence.  We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion.  The test is whether substantial evidence supports the ALJ's decision.  *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).  This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Sparks' complaint is dismissed with prejudice.

IT IS SO ORDERED this 7th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE